# EXHIBIT 23



Michael D. Fisk
Senior Director

8500 Andrew Carnegie Blvd
3rd Floor
Charlotte, NC 28262
T 704.988.4150
F 704.988.4917
mfisk@tiaa-cref.org

December 9, 2011

VIA OVERNIGHT MAIL

Cohen Companies
2701 Tower Oaks Boulevard, Suite 200
Rockville, MD 20852
Attn: Ronald J. Cohen

Re:
    Investment I.D. #    6865
    Authorization I.D. #    AAA-7211; Transaction not authorized.
    Property Address:    Loree Grand Phase II

Dear Mr. Cohen:

    Reference is made to your correspondence dated November 15, 2011 to Scott Evans, EVP, President of Asset Management at TIAA. We have considered your letter, reviewed all relevant files and correspondence prepared in conjunction with this matter, and have determined that TIAA has acted properly and wholly within its rights to elect not to proceed with development of the Loree Grand Phase II. Although we sympathize with your economic circumstances, we at TIAA strongly deny that either the organization or those acting on our behalf have acted in such a manner as to cause you or your company financial hardship.

    TIAA properly and in good faith evaluated the business opportunity and communicated that we would not proceed with the development of Loree Grand Phase II by our letter dated January 27, 2011 declining to exercise our right of first offer. From January through October of this year we had numerous telephone, e-mail and document exchanges wherein we evaluated your further overtures and proposed terms, reviewed and requested follow up on due diligence incident to the opportunity, and negotiated with you various terms whereby the development might proceed. All discussions and documentation between our organization and yours were expressly non-binding in nature.

    In accordance with our internal processes for the evaluation of such business opportunities, the acquisitions team considered (i) the uncertainty of the tax credits to be awarded to the project; (ii) your non-responsiveness to our numerous requests for comments to the Development Agreement and Joint Venture Agreement; and (iii) the general sense that we were not getting all of requisite information to make an informed decision notwithstanding a multitude of requests for same, and we determined that it would not be prudent to proceed with this second phase of the development. All of these concerns were further legitimated by our receipt of correspondence dated October 24, 2011, attached hereto for ease of reference, wherein Peter Witham of Greenwich Capital communicated clearly and unequivocally that your



December 9, 2011

company could not proceed with any development of Loree Grand Phase II because the Phase II land is cross-collateralized with another loan on the Velocity that is struggling and nearing foreclosure.

This news was surprising to us as at no time in our many months of dealings had you communicated that the land upon which you were seeking to have us invest significant resources to develop was already encumbered in a manner that made the fate of Loree Grand Phase II dependent on the fate of another of your properties in which we are not an investor. Had this information been furnished to us earlier in the process, time and resources could have been saved as we would have been able to factor in the entanglement of the underlying real estate with another of your developments in our discussions about Phase II.

Please consider me the appropriate internal contact at TIAA for all correspondence on this matter and do not hesitate to contact me if you have any questions about the foregoing.

Sincerely yours,

Teachers Insurance and Annuity Association of America

By: _____
Michael D. Fisk
Senior Director

cc:   Tom Garbutt, Senior Managing Director
      Trevor Michael, Managing Director
      Gerry Casimir, Managing Director
      Phil McAndrews, Managing Director
      Marc deBree, Associate
      Kimberly Owens, Associate General Counsel
      Carranza Pryor, Associate General Counsel